UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOM BURCHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1963 CDP |
| | ) | |
| EXPEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Tom Burcham brings this suit against Expedia, Inc. under the Missouri Merchandising Practices Act, claiming that Expedia knowingly made false promises on its internet site regarding hotel amenities for a hotel room that Burcham booked in November 2007. Expedia has moved to dismiss for improper venue, arguing that its website terms and conditions require Burcham to bring his case in the State of Washington. Because I find that Burcham assented to the Expedia terms and conditions when he used the website to book a room, and the forum selection clause contained in those terms and conditions is valid and enforceable, I will grant Expedia's motion to dismiss for improper venue.

## Background Facts

Burcham is an attorney bringing suit pro se against Expedia.com. In his complaint, Burcham alleges that he searched for a hotel room through Expedia for

himself and his children for one night in November 2007. Using the Expedia website, Burcham booked a room at the Hampton Inn in Cape Girardeau, Missouri. According to Burcham, the Expedia website indicated that the Hampton Inn had a number of amenities, including a conference room, indoor swimming pool, outdoor swimming pool, restaurant, and bar/lounge. When Burcham arrived at the hotel, he discovered that it did not have any of these things.[1] Burcham claims that Expedia's misrepresentations regarding the hotel amenities constitute a violation of the Missouri Merchandising Practices Act. For this, Burcham seeks damages in excess of $5 million. He also wants to certify a class on behalf of all similarly situated plaintiffs who were injured by relying on Expedia to book rooms at the Hampton Inn in Cape Girardeau.

Expedia has moved to dismiss Burcham's suit for improper venue under Fed. R. Civ. P. 12(b)(3) and for failure to state a claim under Rule 12(b)(6). Expedia asserts that, under the terms and conditions of its website,[2] Burcham's suit is subject to a forum selection clause. The clause mandates that all suits

---

[1] Burcham claims he suffered "ascertainable losses" as a result of these misrepresentations. He does not, however, allege that he or his children wished to use any of these amenities. It is difficult to conceive, for example, how Mr. Burcham or his children were prejudiced by not having access to an outdoor swimming pool in November.

[2] Expedia submitted multiple versions of its terms and conditions along with its motion to dismiss – both the current version and several past ones. Although Expedia has revised its terms and conditions on several occasions in the past, each version contains the same material terms for purposes of the issue presented here. I will therefore refer only to the current version of the Expedia terms and conditions in ruling on this motion to dismiss.

arising out of a customer's use of the website be brought in the courts of King County, Washington. Therefore, argues Expedia, Burcham's suit is not properly before this court. Burcham disputes the enforceability of the forum selection clause because he claims he never agreed to or had notice of the terms and conditions.

According to Expedia, a user of the website must agree to the terms and conditions in order to book a room. A user can do so in one of two ways: either by creating an account with Expedia, or by using the site as a visitor. If the user chooses to create an account, he or she must, as part of that process, click a button that says "continue." The text on the "continue" page states, "By continuing on you agree to the following terms and conditions." On that same page, the user agreement – including the terms and conditions – is written out in full text. Under the second option, if the user chooses to use the website as a visitor, he or she must check a box that states "I agree to the terms and conditions." The phrase "terms and conditions" is highlighted and acts as a hyperlink to the Expedia user agreement.[3] In Burcham's case, Expedia has submitted an affidavit showing that Burcham's room reservation was made using the first option. The room was booked through an Expedia account created on March 19, 2006 with the username

---

[3] Additionally, a link to the terms and conditions appears at the bottom of the page where a user searches for hotels. Burcham filed with his complaint a print out of the Expedia listing for the Hampton Inn in Cape Girardeau. Toward the bottom of that page, above the phrase "Continue to Booking," is a link that reads, "Expedia, Inc. terms of use."

"trburcham." There are two e-mail addresses associated with the account, tomburcham@tomburcham.com and tomburcham@sbcglobal.net.

Burcham does not dispute any of these statements made by Expedia. He does not claim that an error occurred when he used the website, or that the website operates in any way other than as described by Expedia. Rather, Burcham claims that he simply has no recollection of seeing any user agreement when he used the website. He does not remember whether he used the website as a visitor or by logging into an account. Burcham speculates that another individual may have created an Expedia account on the computer he used to book his room. According to Burcham, it is possible that he used a computer at his place of work without checking to see whether that computer was already logged in to Expedia under another user's account. Burcham is an attorney in private practice, and regularly makes use of two different computers, both of which are available to and used by other employees in his law office. Burcham propounds a theory that someone else could have used his computer and agreed to the Expedia terms and conditions.[4] Thus, Burcham argues, it is possible that when he sat down to use the computer

---

[4]Burcham denies that this "someone else" could have been acting as his agent. Presumably, the person who used the computer before him was Burcham's employee. However, this person would be an employee of Burcham's law office, and thus an agent of Tom Burcham, LLC – not an agent of Burcham personally. Burcham argues that because he booked his room through Expedia for personal use, he could not have had a law office employee acting as an "agent" in agreeing to the Expedia terms.

and booked his own room, he was never presented with an opportunity to review the terms and conditions and was never made aware of their existence.

Discussion

This case presents two distinct issues, and they must be addressed in the proper order. First, the parties dispute whether Burcham is bound by the terms and conditions applicable to Expedia users. Burcham will be bound if there was a valid contract between the parties, i.e., if there was a definite offer and unequivocal acceptance, so that it can be shown objectively that the parties' minds met and they assented to all essential terms. *Volker Court, LLC v. Sante Fe Apartments, LLC*, 130 S.W.3d 607 (Mo. Ct. App. 2004). Second, if Burcham is found to be held to the terms and conditions, the forum selection clause contained in those terms must be reviewed to determine whether it is enforceable.

The legal effect of online agreements is an emerging area of the law that has been addressed by a number of courts. Courts presented with the issue apply traditional principles of contract law and focus on whether the plaintiff had reasonable notice of and manifested assent to the online agreement. *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007) (citing *Specht v. Netscape Comm. Corp.*, 306 F.3d 17, 28-30 (2d Cir. 2002)). Failure to read an enforceable online agreement, "as with any binding contract, will not excuse compliance with its terms." *Id*. A customer on notice of contract terms available on the internet is

bound by those terms. *See Schwartz v. Comcast Corp.*, 256 F. App'x 515 (3d Cir. 2007); *Pentecostal Temple Church v. Streaming Faith, LLC*, 2008 WL 4279842 (W.D. Pa. Sept. 16, 2008).

In this case, Expedia offers its customers what is known as a "clickwrap" agreement. A customer must affirmatively click a box on the website acknowledging receipt of and assent to the contract terms before he or she is allowed to proceed using the website. Such agreements have been routinely upheld by circuit and district courts. *See, e.g., Specht v. Netscape Comm. Corp.*, 306 F.3d 17, 22 n. 4 (2d Cir. 2002); *A.V. v. iParadigms*, LLC, 544 F. Supp. 2d 473, 480 (E.D. Va. 2008) (citing cases); *DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003). *See also ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1451 (7th Cir. 1996) (upholding the enforceability of "shrinkwrap" agreements contained inside boxed and sold computer software). The user's clicking of the box operates as affirmative assent to the terms.

As the Second Circuit has noted, such a statement of agreement is often essential to the formation of a contract. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004). But this is not so in all circumstances. "There is no reason why the enforceability of the offeror's terms should depend on whether the taker states (or clicks) 'I agree.'" *Id*. According to the Second Circuit:

> While new commerce on the Internet has exposed courts to many new situations, it has not fundamentally changed the principles of contract.

> It is standard contract doctrine that when a benefit is offered subject to stated conditions, and the offeree makes a decision to take the benefit with knowledge of the terms of the offer, the taking constitutes an acceptance of the terms, which accordingly become binding on the offeree. *See, e.g.,* 2 Richard A. Lord, Williston on Contracts § 6:9 (4th ed. 1991) ("The acceptance of the benefit of services may well be held to imply a promise to pay for them if at the time of acceptance the offeree has a reasonable opportunity to reject the service and knows or has reason to know that compensation is expected.").

*Id*. at 403.[5]

Here, Expedia has an enforceable online clickwrap agreement that requires a user to specifically assent to the terms of use before proceeding further. Burcham has offered a clever theory for how he might have subverted the online agreement, but his theory is not persuasive. The website requires assent to the terms. Burcham has offered no evidence that suggests the website operates any differently. He denies that he ever saw or read the terms, but this is not a sufficient reason to invalidate the contract. *See Schwartz v. Comcast Corp.*, 256 F. App'x 515, 518 (Evidence of consistent practice that user agreement was provided

---

[5]User agreements that do not require the user to click a specific box but rather operate by binding the user through use of the website alone are referred to as "browsewrap" agreements. *Register.com, Inc.*, 356 F.3d at 429. Courts considering browsewrap agreements have held that "the validity of a browsewrap license turns on whether a website user has actual or constructive knowledge of a site's terms and conditions prior to using the site." *Southwest Airlines Co. v. Boardfirst, LLC*, 2007 WL 4823761 at *5 (N.D. Tex. Sept. 12, 2007). *See also Pollstar v. Gigmania Ltd.*, 170 F. Supp. 2d 974, 982 (E.D. Cal. 2000) ("[T]he browser wrap license agreement may be arguably valid and enforceable."); *Molnar v. 1-800-Flowers.com*, 2008 WL 4772125 at *7 (C.D. Cal. 2008) ("[C]ourts have held that a party's use of a website may be sufficient to give rise to an inference of assent to the terms of use contained therein.").

to customers was sufficient to overcome plaintiff's claim that he never saw or read any such agreement.); *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 783 (N.D. Tex. 2006) (Where installation of software without assent to terms is impossible, claim that plaintiff did not see or read terms is without merit.); *DeJohn*, 245 F. Supp. 2d at 919 ("The fact that [plaintiff] claims that he did not read the contract is irrelevant because absent fraud (not alleged here), failure to read a contract is not a get out of jail free card.").

Burcham hypothesizes that someone else may have clicked the button agreeing to the terms, and may have done so without Burcham's knowledge or assent. While such a scenario may in theory be possible, Burcham does not offer any facts that would support it. Expedia's undisputed facts show that the user account used to book the room had the name "trburcham" and was associated with Burcham's own email address where he received his receipt for booking his room. This is ample evidence from which to conclude that Burcham had an account with Expedia and had an opportunity to make himself aware of the website's terms.

Even assuming somehow that Burcham never knew he created a user account or that an account was created for him, Burcham is still bound by the user agreement. A link to the full text of the user agreement is found at the bottom of the very web page that shows the listing for the hotel room Burcham booked – the web page Burcham himself submitted as an exhibit to his own brief. The user

agreement specifically states that users consent to be bound to the agreement by accessing and using the website. Additionally, Burcham's attempt to hold some other anonymous individual responsible for agreeing to the terms must fail. Other courts dealing with similar fact patterns have held that a person in Burcham's position is still bound. *See Motise v. America Online, Inc.*, 346 F. Supp. 2d 563, 566 (S.D.N.Y. 2004) (User who used website while it was logged in under another user's account was still bound by the account's terms because the user had "derivative rights" and could not have more rights than the account originator who agreed to the account terms.); *Adsit Co., Inc. v. Gustin*, 874 N.E.2d 1018, 1024 (Ind. Ct. App. 2007) (Both the actual user of a website and the person for whom the user was using the website were bound by website's terms.); *Westendorf v. Gateway 2000, Inc.*, 2000 WL 307369 at *4 (Del. Ch. Mar. 16, 2000) (Two customers who bought computers for one another and exchanged them as gifts were both bound by the terms of one another's respective purchases.).

In short, Expedia offers its services on condition that the user agrees to Expedia's terms. The undisputed facts show that Burcham used the website, and he did so using an account that bore his own name. Expedia is not required to prove anything more to show that Burcham assented to the terms of the website. That Burcham either didn't read the agreement or didn't see it may be unfortunate

for him, but it does not change the outcome. Burcham is bound by the terms of the website's user agreement.

The second question to be addressed is whether the terms in that agreement are themselves enforceable. Specifically, Expedia seeks to enforce the forum selection clause that requires Burcham's case to be heard in the courts of King County, Washington. The Eighth Circuit held in *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir.2006) that the enforceability of a forum selection clause "concerns both the substantive law of contracts and the procedural law of venue." Where the application of state or federal law would not affect the outcome, however, a federal court may apply the standard articulated by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *Servewell*, 439 F.3d at 789. Under the rule in *M/S Bremen*, a forum selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *M/S Bremen*, 407 U.S. at 10. Under federal law, parties to a contract may agree in advance to submit to the jurisdiction of a given court. *Id*. at 11 (quoting *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-316 (1964)). Nonetheless, "a contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id*. at 15 (citing *Boyd v. Grand Trunk W.R. Co.*,

338 U.S. 263 (1949)).

Missouri has adopted the federal standard for determining whether to enforce a forum selection clause. *See Chase Third Century Leasing Co. v. Williams*, 782 S.W.2d 408, 411 (Mo. Ct. App.1989) (citing *Bremen*, 407 U.S. 1). In particular, Missouri courts hold that "jurisdiction over the person may be obtained by consent or by waiver" and "[p]arties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived." *Whelan Sec. Co., Inc. v. Allen*, 26 S.W.3d 592, 595 (Mo. Ct. App. 2000). Under Missouri law "the party resisting enforcement of [a forum selection] clause bears a heavy burden in convincing the court that he should not be held to his bargain." *Id*. at 596 (citation omitted).

Burcham is unable to meet that heavy burden in this case. There has been no showing that Expedia's forum selection clause is unreasonable or contravenes a strong public policy in the State of Missouri. Although litigating this case in King County, Washington is no doubt inconvenient for Mr. Burcham, inconvenience alone is an insufficient basis to defeat an otherwise enforceable forum selection clause. *Servewell*, 439 F.3d at 790. Likewise, the fact that the Expedia terms and conditions were a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable. *M.B. Restaurants, Inc.*

*v. CKE Restaurants, Inc.*, 183 F.3d 750, 753 (8th Cir. 1999) (citing *Carnival Cruse Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991)). Burcham argues that the terms and conditions as a whole are unenforceable as a contract of adhesion, but this argument is entirely without merit. Burcham was not forced to book his room through Expedia. Numerous other web sites or similar services were available for him to use if the Expedia terms and conditions were not to his liking.[6] Burcham agreed to the forum selection clause when he chose to use Expedia to book his room. He cannot now escape the terms of the contract to which he is obliged.

Conclusion

For the foregoing reasons, Expedia's motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) will be granted. Although Expedia has moved that Burcham's case be dismissed with prejudice, a dismissal for improper venue does not represent an adjudication on the merits and is properly granted without prejudice. *See* Fed. R. Civ. P. 41(b). Thus, Burcham's case will be dismissed without prejudice for improper venue.

Accordingly,

---

[6]Burcham goes so far as to claim that the offer from Expedia was a contract of adhesion because only Expedia's website said that the hotel had the pool, conference room, and other amenities. Thus, unlike other websites that did not list these amenities, Expedia "induced" Mr. Burcham to book his room using their website by touting amenities that the hotel did not have. The absurd logic of this argument is apparent on its face – Burcham claims that he chose to book the room through Expedia because if he had booked the room through another website, he wouldn't have had a right to expect the amenities that only Expedia mistakenly listed.

**IT IS HEREBY ORDERED** that defendant's motion [#6] to dismiss for improper venue is GRANTED, and plaintiff's claims are dismissed without prejudice.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2009.